IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00759-BNB

RUSTY LEE SARVIS,

    Plaintiff,

v.

NAN SCRANTON, El Paso County District Attorney,
TAMRA BOWMAN, Public Defender Office,
CLAYTON C. BLACKWELL, ICAC Officer, and
PEGGY HEIL, SOTMP,

    Defendants.

---

ORDER ALLOWING PLAINTIFF TO PROCEED
WITHOUT PAYMENT OF AN INITIAL PARTIAL FILING FEE

---

    Pursuant to the Court's June 6, 2012, Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915, Plaintiff filed an updated inmate account statement to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. Based on the updated account statement that he submitted to the Court on June 18, 2012, the Court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

    Section 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a

civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Plaintiff's trust fund account statement indicates that he has insufficient funds in his inmate account to pay an initial partial filing fee and that he has no other available assets, Plaintiff may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.

Although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is

ORDERED that Plaintiff may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order. Plaintiff must file a current certified copy of his trust fund account statement to show cause. It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment the Complaint may be dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue at this time.  It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED June 19, 2012, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge