IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00759-BNB

RUSTY LEE SARVIS,

    Plaintiff,

v.

NAN SCRANTON, El Paso County District Attorney,
TAMRA BOWMAN, Public Defender Office,
CLAYTON C. BLACKWELL, ICAC Officer, and
PEGGY HEIL, SOTMP,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

---

Plaintiff, Rusty Lee Sarvis, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Sarvis initiated this action by filing *pro se* a pleading titled "Petition for Violation of Constitutional Rights Under the 14th, 6th, and 5th Amendments" [ECF No. 1]. On March 27, 2012, the Court entered an order directing Mr. Sarvis to cure certain deficiencies if he wished to pursue his claims in this action. More specifically, the Court directed Mr. Sarvis to file a pleading on the proper form. On May 29, 2012, Mr. Sarvis filed a Prisoner Complaint. On June 19, 2012, he was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Sarvis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sarvis will be ordered to file an amended pleading on the proper habeas corpus application form if he wishes to pursue his claims challenging the validity of his conviction and sentence in this action.

The court has reviewed the Prisoner Complaint and finds that the claims Mr. Sarvis is asserting properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254 rather than in a civil rights action pursuant to 42 U.S.C. § 1983. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

In the original petition filed in this action, Mr. Sarvis asserted one claim that he was denied the effective assistance of counsel in connection with a state court guilty plea and he asserted one or more claims apparently challenging the constitutionality of the Colorado sex offender treatment program. In the Prisoner Complaint filed on May 29, 2012, Mr. Sarvis contends that he received ineffective assistance of counsel because his public defender did not fully disclose the consequences of accepting a plea bargain in his state court criminal case. He also assets that his sentence is illegal because he is required to participate in the DOC's Sex Offender Treatment Program

(SOTP).  As relief, he requests that he be released from the custody of the DOC in addition to damages.

Based on the relief Mr. Sarvis seeks in the Prisoner Complaint, it appears that Mr. Sarvis is challenging the validity of a state court conviction and sentence.  As a result, his claims properly are asserted pursuant to 28 U.S.C. § 2254 and he must file an amended pleading on the proper habeas corpus application form.  Mr. Sarvis is advised that, for each habeas corpus claim he asserts in the amended pleading, he must identify the specific federal constitutional right that allegedly has been violated and he must provide specific factual allegations in support of each asserted claim.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Sarvis must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  See *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Finally, because the only proper respondent in a habeas corpus action is the applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), Mr. Sarvis is advised that he must name his custodian as the Respondent in the amended pleading he files.  Accordingly, it is

ORDERED that Mr. Sarvis file within **thirty (30) days** from the date of this order an amended pleading on the proper habeas corpus application form that complies with

this order.  It is

FURTHER ORDERED that Mr. Sarvis shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Mr. Sarvis fails within the time allowed to file an amended pleading on the proper habeas corpus application form as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3rd day of July, 2012.

                                                      BY THE COURT:

                                                    *s/Craig B. Shaffer*
                                                    Craig B. Shaffer
                                                    United States Magistrate Judge