## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 4 2012

JEFFREY P. COLWELL
CLERK

Civil Action No.        12-cv-00759-BNB

(To be supplied by the court)

Rusty Lee Sarvis _____ , Applicant,

v.

Angel Medina   (Warden) _____ , Respondent,

(Name of warden, superintendent, jailer, or other custodian)

        and

The Attorney General        COLORADO
of the State of: _____ , Additional Respondent.

(Note:  If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered.  If you have a sentence to be served in the future pursuant to the judgment of a federal court, you should file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

### A. CONVICTION UNDER ATTACK

1.  Name and location of the court that        El Paso County District Courthouse
    entered the judgment of conviction        Colorado Springs, CO 80901
    you are attacking:
    _____

2.  Date the judgment of conviction was        April 5th, 2007
    entered:
    _____

(Rev. 3/27/08)                                    1                              **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

3.  Case number:             07 Cr 944 and 95 Cr 1933

4.  Describe the type and length of     4 yrs.- Life (indeterminate)
    sentence imposed:                2 yrs.-       (indeterminate)

5.  Are you serving a sentence that was
    imposed for a conviction other than
    the conviction you are attacking in
    this application?                _X_ Yes  __No  (CHECK ONE)

6.  Nature of the offenses with which    18-6-403(3)(b) Sexual Exploitation/child-sell/publ
    you were charged: (all counts)      18-6-403 Sexual Exploitation/child-unspecif
                                        18-6-403(3)(c) Sexual Exploitation/child/poss for
                                        sale
                                        18-6-405.4(1) Internet Sexual Exploitation/child
                                        writ as 18-6-405.3
                                        18-6-403(3)(b.5) Sexual Exploitation/child/poss
                                        material
                                        Controlled sub. Use
                                        97cr755

7.  On which counts were you         18-6-403(3)(b) Sexual Exploitation/child-
    convicted?                      sell/publish
                                        Controlled sub. use

8.  What was your plea?            GUILTY

9.  If you pled guilty pursuant to a plea   Open sentence, DA waived Probation ineligibility
    bargain, describe the terms and      if granted probation is 20 to life, at sentencing
    conditions of the plea:           court will make finding as to indeterminate
                                        sentence. This sentence concur. with 95cr1933,
                                        remaining counts to be dismissed as well as
                                        97cr755. Sentenced to 4 yrs-life(18-6-403(30(b)
                                        concur. with 95cr1933 2 yrs.-life; 145 days credit
                                        time served, reg. As sex-offender, pay all charges.

10. Kind of trial:                  __Jury  _X_ Judge only  (CHECK ONE)

11. Did you testify at trial?          __Yes  _X_ No  (CHECK ONE)

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

## B. DIRECT APPEAL

1.  Did you file a direct appeal?  __Yes  _X_ No  (CHECK ONE)

2.  Name and location of court in which   n/a
    the direct appeal was filed:
    _____

3.  Date and result of direct appeal   n/a
    (attach a copy of the decision if
    available):
    _____

4.  Did you seek review in the state's
    highest court on direct appeal?  __Yes  _X_ No  (CHECK ONE)

5.  Date and result of review in state's   n/a
    highest court (attach a copy of the
    decision if available):
    _____

6.  List the claims raised on direct   n/a
    appeal:



    _____

7.  Were all claims raised on direct
    appeal presented to the state's
    highest court?  __Yes  _X_ No  (CHECK ONE)

8.  If you did not file a direct appeal or   Insufficient Assistance of Counsel
    if you did not present all of your
    claims to the state's highest court,
    explain why:
    _____

(Rev. 3/27/08)                 3                 **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

## C. POST CONVICTION PROCEEDINGS

1.  Other than a direct appeal, have you initiated any
    postconviction proceedings with respect to the
    judgment under attack in any state or federal court?

    <u>X</u> Yes __No  (CHECK ONE)

2.  If you answered "Yes" to question 1., give the following information for each
    postconviction proceeding.  If you have initiated more than one postconviction
    proceeding, use extra paper to list each proceeding using the format below.

    A.   Name and location of court:   El Paso County District Court

    B.   Type of proceeding:   35(a)

    C.   Date filed:   March 13th, 2012

    D.   List the claims raised:
    
    Defendant is being held illegally in the Department
    of Corrections(DOC). The District Attorney "Nan
    Scranton" did not sign for the authorization of the
    defendant affidavit or the application of the search
    warrant pursuant to the legislative intent of the wire-
    tap application and Colorado criminal practice and
    procedure vol. 14-14 sec. 11.9

    E.   Date and result (attach a copy of the   March 26th,2012
         decision if available):   "ORDER DENYING DEFENDANT'S
         MOTION TO CORRECT ILLEGAL
         SENTENCE" see attachment #1

    F.   Did you appeal?   <u>X</u> Yes __No  (CHECK ONE)

    G.   Date and result on appeal (attach a   Still Pending

(Rev. 3/27/08)                4                        **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

copy of the decision if available):

H.   Did you appeal to the state's highest
     court?                                 __Yes  _X_No  (CHECK ONE)

I.   Date and result of appeal to highest   Still in the appellate court
     state court (attach a copy of the
     decision if available):

# D. CLAIMS

CAUTION:  To proceed in federal court, you ordinarily must exhaust the remedies available to
you in the state courts for each claim asserted in this action.  If you fail to assert all your claims
in this application, you may be barred from presenting additional claims at a later date.
State concisely every claim that you wish to assert in this action.  For each claim, specify the
right that allegedly has been violated and state all supporting facts that you consider important.
You do not need to cite specific cases to support your claim(s).  If you need additional space to
describe any claim or to assert additional claims, use extra paper to continue the claim or to
assert the additional claims.  Identify clearly any additional pages that you attach to this form.

1.   Have you fairly presented to the state's highest
     court each of the claims asserted in this action?      _X_Yes  __No  (CHECK ONE)

2.   If you answered "No" to question 1., list the
     claims that have not been fairly presented to
     the state's highest court and explain why:

3.   Claim One:      **VIOLATION OF THE 6TH AMENDMENT**

     A.   Supporting facts:

          **FIRST CAUSE OF ACTION INEFFECTIVE ASSISTANCE OF COUNSEL**

          On April 5th,2007, the plaintiff agreed to enter a plea of guilty to an offense that
          occurred on October 1st, 2006 and which was in violation of C.R.S. 18-6-403(3)(b).

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

This plea presented to the plaintiff by counsel Public Defender Tamra Bowman. At the time of this petition, the plaintiff would like to request of the Court the appointment of conflict free counsel to assist in the perfection of the issues brought forth as the plaintiff is not practiced in the science of law and the claims stated herein are of complex and Constitutional stature and to give the weight to justice it deserves, counsel would be needed.

In a criminal prosecution the processing of the judgment and the regularity of the proceeding leading up to the judgment are presumed the burden of the prosecution and therein it must establish by preponderance of evidence the allegations of the motion for post conviction relief pursuant to Crim. P. 35 **People v. Hendricks** 927 P 2d 1041 CO App. 1998, citing **Kailey v. C. D. C** 807 2 Pd  563 CO(1991). To prevail on a claim of ineffective assistance of counsel a defendant must establish:

**1.** Counsel's performance fell below the level of reasonably competent assistance demanded of ay attorney in criminal cases.

**2.** the defense **People v. Gardianga** 70 P. 3d 523 CO App. (2003).

Next to establish the second requirement of this test, a defendant must show a reasonable probability that but counsel's unprofessional errors the results of the proceeding would have been different. **People v. Zuniga** 80 P.3d 965 citing **Strickland v. Washington** 466 U.S. 668, 104 Set. 2052 (1984). Lastly to establish ineffective assistance of counsel in connection with a guilty plea, the defendant must demonstrate that, but for counsel's alleged dereliction, he would not have plead guilty. **People v. Boeslung** 107 P. 3d 1118 CO App. (2004), supported by **People v. Garcia** 815 P. 2d 937 CO (1991).

Here the plaintiff argues that counsel was ineffective in presenting the original probation plea and consequences of said plea followed by the second plea to a CDOC sentence and the consequences of that plea in short to be discussed and proven later within this brief. The Court, D.A.'s office and mandated direct consequences of both pleas thus in turn this would invalidate the Court's Rule 11(B) advisement and invalidate the guilty plea thereby vacating said plea.

The 6th Amendment imposes upon counsel the duty to investigate because reasonably effective assistance must be based upon professional decisions and informed legal choices can be made only after the investigation of options. The court observed that counsel's investigatory decisions must be assessed in light of information known at the time of the decision not hindsight,  and that the amount of pretrial investigation that is reasonable defies precise measurement. If there is only one plausible line of defense, the Court concludes counsel must conduct a reasonable substantial investigation. The same duty exists if counsel relies at trial on only one line of defense although others are available. In either case the investigation need not be exhausted but must include an independent examining of the facts, circumstances, pleadings and laws included and to include the "direct consequences" of a plea which would affect the decision to plead guilty or not to accept the guilty plea. The Plaintiff contends that no time during any of its processing and proceedings of the Rule 11 Advisement and/or sentencing hearings

did anyone, the Court, DA or counsel advise this Plaintiff in full of the rights which would give up as part of the plea disposition. See **People v. Moore** 811 P. 2d 320 (1992). A trial Court is generally not required to inform a defendant of the "direct consequences" of his guilty plea. For exceptions to this rule see **People v. Heinz** 589 P.2d 931 (1979). The judge who accepts the plea of guilty is required to inform the defendant only those consequences which have a definite immediate and largely automatic effect on the range of defendant's punishment. Here counsel's failure to inform and properly advise the defendant of the major consequences would for a fact be a form of ineffective counsel not to mention the plain fact that the collateral consequences here are mandated by statute. Therefore, along with the ineffective assistance of counsel and the Rule 11 Advisement, the Defendants conviction must be vacated as invalid. The Defendant contends that pursuant to legislative intent and the mandate of CO statutes a major direct part of the Defendant's plea and sentence to CDOC would include the participation, progression in and completion of the Sex Offender monitoring and treatment Program, herein after SOMTP.

B.      If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:     This petitioner is establishing jurisdiction based on the following facts, issues and prior rulings.

The questions raised above, in the body of this petition, are violations of Constitutional rights under both the fourteenth (14) and fifth (5) Amendments which can only be addressed by the U.S. District Court. Therefore, based on the facts and issues listed below that there are Constitutional issues and questions, with regard to 14th, 6th,and 5th Amendments and other Constitutional rights violation. Also the Court has set prior precedent with rulings on similar Constitutional questions and factors jurisdiction is thus established. Thereby the State Courts have no jurisdiction. By prior ruling a staling it is a Federal question, and must be decided by Federal Jurisdiction.

4.   Claim Two:   **VIOLATION OF THE 14th AMENDMENT**

    A.   Supporting Facts:

        1.  This court has jurisdiction to correct an illegal sentence at anytime.

        2.  Furthermore, this court has jurisdiction in the Constitutional question where the sentence imposed exceeds the maximum by law or is otherwise not in accordance with the sentence authorized by law and such relief is available without regard to time limitations.

        3.  Where a sentence is contrary to statute or established case law as argued herein, the sentence is illegal. Where a sentence is illegal the sentencing court may correct it at any time.

        4.  Jurisdiction is proper in this Honorable Court and not the Court of original jurisdiction due to the Constitutional questions raised by C R S 16-11.7-106 which requires treatment providers to comply with "standards and guidelines" promulgated by S OM B.

        5.  The contention that participation in Colorado's Sex offender's treatment program (S O T P) fails in light of the statutory requirements under C R S 18-1.3-1004 (3) that offenders are required "as part of the sentence" imposed by the Court and is therefore violative of the right against self incrimination.

        6.  Some of the treatment modalities, such as the polygraph, violate participant's due process rights as such are inadmissible in court and therefore cannot be challenged beyond the administrative methods provided by the S O M B and its licensed providers.

        7.  The instant case and its attendant arguments are distinctly different from cases previously visited by the courts on the grounds that the approach employed by Colorado legislature utilizes a series of statutory mandates to create and enforce program compliance.

### ARGUMENT 1

    The S O M B was established by the Colorado legislature under C R S 16-11.7-103 in keeping with the Legislature Declaration set fourth in C R S 16-11.7-101 describing the recognized need for such a body comprised of experts in the fields of sex offender management and assessment/treatment. The provisions of C R S 16-11.7-103 defines the structure and composition of the S O M B, its duties and responsibilities, sources of funding and not least, the scope of its authority to promulgate and enforce the policies utilized to treat sex offenders. The S O M B

was created under the Provisions of title 24 which defines the procedural processes required to regulatory agencies, thus the S O M B is to comply with state administrative procedure act 24-4-103 (10 a) C R S 1998. The S O M B is specifically authorized to be the rule making authority regarding sex offender's assessment and treatment policies which have the same effect as statutory law. This is supported by Court findings in; **Consumer Counsel v. Mtn. State Telephone** 16 P 2d 278 (1991)., wherein the Court defined "rule making" as where "rule" means the whole or any part of every agency statement of general applicability and future implementation, interpretation or declaring law or policy or setting forth the procedure, practice requirements of any agency 24-4-102 (15) (10 a) C R S 1998.

A further analysis of the Legislature's intent, via a vis C R S 16-11.7-103, reveals that the Legislature did not intend to "micro manage" via the statutes; the process for assessing, treating and managing sex offenders, but rather create the framework wherein the S O M B itself would be delegated such responsibility in exchange for conferring such authority. The Legislature retained oversight by requiring an annual report, from the S O M B under C R S 18-1.3-1011, detailing its activities and the impact of its policies.

## Argument 2

In support of the prior argument, the Plaintiff points to C R S 16-11.7-1011 which bars state agencies involved in the sex offender treatment process from contracting with any treatment provider unless that provider conforms to the standards and guidelines developed pursuant to C R S 16-11.7-103 (4)(b). Clearly the Legislative intent of this statute is to serve the parties and unambiguous notice that the S O M B is the acknowledged expert body and operates under the auspices of Legislative authority to establish and enforce the standards by which treatment providers must operate. This requirement, to comport with S O M B standards, is further reinforced in the introduction statement, on page 1 of the S O M B publication "Standards and Guidelines" for the assessment, evaluation and treatment and behavioral monitoring of adult sex offenders; revised June 1999 and reprinted July 2002, which states in pertinent part; In the body document, standards are denoted by the use of the word "shall" and guidelines are distinguished by the word "should". The American Heritage Dictionary ,4* ed. Defines the "shall" as an order, promise or obligation. In **People v. District Ct.** 713 P. 918 the court held that the generally accepted familiar meaning of both the words"shall" and "require", indicates these refer to mandatory actions.

The a fore mentioned publication is a compendium of the standard practices to be employed in all phases of sex offender treatment and monitoring by providers licensed and regulated by the SOMB. To understand the Legislature's intent more fully it is necessary to read the Legislative Declaration in 16-11.7-101 CRS and the statement of authority in that section and again in section 103, the creation and empowerment of the SOMB in it entirety as a whole. In order to appreciate the scope and magnitude of the statutory effect in doing so, the court can only conclude that the Plaintiff's assertions regarding the SOMB and the authority

of its policies are valid.

## Argument 3

The sex offender program in Colorado is dissimilar to those in many states in that participation is statutorily compelled in direct violation of an offender's constitutional rights. CRS 18-1.3-1004 states as follows: "each sex offender sentenced pursuant to this section shall be required as part of the sentence to undergo treatment to the extent appropriate to 16-11.7-105 CRS." This precludes the notion that participation is somehow voluntary in nature. While an offender can certainly choose not to comply, the effects of such an exercise would be severe, cruel and unusual as will be demonstrated shortly.

The issue of compulsion is one that has been studied in numerous cases previously before the Court, but in those cases it was determined that offenders would not suffer any worse consequences for failing to meet an identified program than any other offender. This is not the case in Colorado. The start of an analysis must begin with the prerequisites for parole eligibility for sex offenders in Colorado particular those sentenced under the 1998 Lifetime Supervision of sex offenders (herein after the ACT). The Act itself mandates indeterminate sentences ranging from the bottom of the presumptive range, a term of two years, up to a mandatory maximum of the offender's natural life. The Colorado Parole Board/ in cooperation with SOMB has clearly stated that offenders sentenced under the ACT must be in full compliance with treatment requirements and that they must be in treatment and "progressing" at the time they are considered for parole. Any person not meeting this requirement will be denied parole until such time the offender becomes compliant. While the courts have consistently held that a prisoner does not have a vested right to any particular parole date, the court noted in **Furtado v. Bishop** 604 f 2d 80 (1979) the fact that there was Supreme Court precedent allowing Constitutional challenge to confinement even when such a challenge did not implicate a liberty interest or violate due process and the concept of free choice. In addition both the Colorado Parole Board and CDOC have implemented additional sanctions which create a coercive atmosphere which punishes an offender's exercise of their Constitutional rights. For example, how compliant offenders must be excluded from better paying prison employment and exposed to lower risk facilities even when they pose no behavioral or security risk and are ineligible for placement in Community Corrections, halfway house programs. This should be noted in addition to the reduction in the number of good time credits such offenders are allowed. The combined effects of the statutory language, and the further sanctions which are imposed, creates separate classifications of unequally situated offenders which is subject to punitive measures not imposed upon any other inmate, even sex offenders whose sentences do not fall under the ACT. Non compliance, for offenders outside the ACT means a loss of some portion of their good time credits, and thereby a delay in their release which will occur regardless because of the definitive nature of their sentence. While the states have, to this point, contended that the requirement of compliance with treatment serves a legitimate rehabilitative goal, such a requirement cannot be compulsory and thereby to be a violation of the

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

offender's Constitutional rights.

B.    If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:
          This petitioner is establishing jurisdiction based on the following facts, issues and prior rulings.

          The questions raised above, in the body of this petition, are violations of Constitutional rights under both the fourteenth (14) and fifth (5) Amendments which can only be addressed by the U.S. District Court. Therefore, based on the facts and issues listed below that there are Constitutional issues and questions, with regard to 14th, 6th,and 5th Amendments and other Constitutional rights violation. Also the Court has set prior precedent with rulings on similar Constitutional questions and factors jurisdiction is thus established. Thereby the State Courts have no jurisdiction. By prior ruling a staling it is a Federal question, and must be decided by Federal Jurisdiction.

5.    Claim Three:    **VIOLATION OF THE 5TH AMENDMENT**

A.    Supporting facts:
          The forfeiture of the Plaintiff's 5th Amendment rights against compelled self incrimination, sexual history polygraphs, and examinations and the ability to have contact with his family under the age of 18 while in custody of DOC and the Constitutional rights taken form the Defendant would have factually played a major role in whether the Defendant would have accepted the plea had he been

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

advised of the consequences.

The SOTMP requirements to pass the sexual history polygraph violates this Plaintiff's 5th Amendment rights against compelled self incrimination. As part of the sexual history, the defendant is required to disclose all past sexual behavior including possible un-prosecuted crimes. Because these disclosures could be used against the Defendant in future criminal prosecution, this requirement violates the 5th Amendment rights against self incrimination.

The 5th Amendment right not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding. See **Lefkowitz v. Turly** 414 US 70 (1973). Further, the Supreme Court has defined the key inquiry in determining whether a violation of the right against self incrimination has occurred and whether the accused has been deprived of his free choice to admit, to deny or refuse to answer. Supported by **US v. Jones** 299 F 3d 103(2003). Here the Defendant cannot choose not to participate in treatment and cannot choose to refuse submit to the polygraph examiner or he would be terminated from mandated treatment. Nor can he choose to withhold potentially incriminating answers. This is a clear violation of a right of the Defendant's, he would be giving up while depriving the Defendant of free choice. It is clear that the Court and /or Counsel should have advised the Defendant of the rights under Constitution's guarantee's which he would be giving up as part of the plea disposition, it is also very clear that by not participating in treatment the Defendant will never be released from prison as established by CO statues and supported by case law see **Beebe v. Stommel** 333 F Sup 2 1011 CO (2006).

While the courts have granted wide latitude to the states, establishing guidelines for rehabilitation programs, they have recognized and respected the state's right exercise, through its legislative process, investigative powers, never the less, those powers are not unlimited and it remains the duty of the Federal Courts to protect the individual's Constitutional rights from invasion, either by state action under the color therefore, and this is especially true in the areas of rights guaranteed by the Amendments offenders sentenced under the ACT which constitutes a special class which is exposed to sanctions and penalties not levied upon any other offenders regardless of the offense. No other offenders release is predicated upon compliance with or without participation in a treatment program nor are others denied moves to a lower security facilities or denied jobs in correctional facilities. Egregious drug an /or alcohol offenders are not required to complete rehabilitation programs beyond a small loss of a portion of their earn-able good time credits (30%). In **Lefkowitz v. Cunningham** 431 US 801 (1977) the court stated: "The touchstone of the 5th Amendment is compulsion," and therein recognizes that the imposition of penalties is the mechanism by which persons are forced to incriminate themselves. Under the construction described there can be little doubt that the Colorado SOMB compels compliance in this sense via threatened sanctions for failure to do so. While the courts have previously ruled in favor of the state, regarding issues of compliance serving a government need the Supreme Court, in Cunningham, supra held "we

Original provided to Offender Sarvis #46181 at no charge by CDOC Legal Services on 8/30/12.

have rejected the notion that citizens may be forced to incriminate themselves because it serves a governmental need". The question of compulsion also revolves around whether or not the imposition of sanctions is a automatic or intervening action which might occur to cause them to be applied under certain circumstances. In the case of sanctions, imposed by the Colorado Parole Board and CDOC such sanctions are automatically applied once an offender has been deemed non-compliant regardless of the circumstances. The court, in **Lyle v. McKune** 224 F 3d 10th Cir. (2000), put forth that: "the distinction between an automatic and a conditional consequence is helpful in determining whether government action rises to the level of compulsion. Using this as a measuring stick, the automatic imposition of sanctions aforementioned for failing to comply, clearly establishes that the actions of the Parole Board and CDOC amounts to compulsion. It is clear that Colorado's SOTMP does not meet the balancing act set fourth in **Turner v. Safely** 482 US 78 (1987) which provides a four pronged standard for analyzing whether the prison policy at issue is valid even when one might infringe upon a prisoner's Constitutional rights.

The Elements of this Standard are:

1. The regulation must have a legitimate connection to legislative governmental interest.

2. Whether an inmate has an alternative means of exercising the right.

3. Whether there are obvious alternatives that would accommodate the inmate's right at a minimal cost.

4. What if any, impact would such an accommodation have on guards, other inmates and the general allocation of resource.

5. As the court in Lyle Supra found, the answer to the first question must be in the affirmation and weigh in favor of the state as it found there is a rational connection between the policy to have prisoners admit responsibility for their offense and disclose their sexual history in order to participate and the legitimate governmental interest in the rehabilitation of sex offenders.

The remaining questions, however must weigh in the favor of the defendant. On the second question, there is no alternative means for an offender to exercise the right from the 5th Amendment privilege would have any impact on guards, other inmates or the allocation of resources and as the Court in Lyle Supra, the court found that a state may not tie rehabilitation to an inmate's surrender of this 5th Amendment right where the "Turner" balancing weighs in favor of the inmate.

The litmus test employed by the Courts to date is whether any sanction imposed for failure to comply with treatment imposes a typical and significant hardship on an inmate in relation to the ordinary incidents of prison life. See, **Sandin v. Conner** 155 US 472 (1995). In the instant case the answer to this test is in the affirmative

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

since offenders sentenced under the ACT are the only class affected, compromise a minority of the overall prison population in Colorado and such sanctions cannot be described as "ordinary incidents of prison life" because of the very narrow application. The question of compulsion, in Lyle Supra, is the "distinction between an automatic and a conditional consequence" and in this case, sanctions automatic and and therefore represent a punitive tool. Since there is direct cause and effect relationship between between the assertion of a right and the imposition of a sanction, there can be no question as to the nature of the Colorado SOMB/SOTMP program.

## ARGUMENT 4

Among the treatment methods utilized, according to SOMB guidelines for the treatment and evaluation of sex offenders are the penile plethysmograph and the polygraph. The former is used to measure a potential risk and the latter is used to verify answers and questions regarding the offender's past history and present activities. In neither case does the SOMB, or any other professional standard organizations contributing to the body of research used by the SOMB to formulate its standards advocate the use of these testing modalities as the sole basis for the determination or guilt or deception due to their respective rates of error in testing on Page 101 of the SOMB standards Manual, in the section entitled "Appendix C-1", the use of psychological measurement Item B states: 'that neither of the psychological assessments is appropriate for determination of guilt or innocence related to specific crimes" On this basis it is clear that there is sufficient question as to the reliability of these methods to require that additional information from other sources should be employed when determining the overall results of testing. This is reinforced by the statement, on Page 41, of the manual entitled Treatment Providers (Use of polygraph and plethysmograph and Abel screening) which, in the "Discussion" section of B 3.720, states that Psychological assessment data of this type CANNOT BE USED as the basis for determining an offenders risk nor for determining whether an individual has committed or is going to commit, a specific deviant sexual act. It further states that providers shall recognize that this psychological data is only meaningful within the context of a comprehensive evaluation and/or treatment process.

## Argument 5

Cases previously reviewed by the courts have addressed the Constitutionality of the imposition of indeterminate sentencing in Colorado or the application of treatment programs to sex offenders primarily in Kansas. To date, the Courts have relied upon the standards in Lyle Supra, as the basis on which to review further cases. However, in the instant case, the issues are dramatically different because they involve the standards from the Foundation in Colorado and the fact that they have the same effect as statutory law because of the way in which they were enacted. Colorado is fairly unique in that the Legislature went as far as to

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

mandate so many aspects of the treatment as regiment via statutory declaration as well as requiring that offenders Must comply with the treatment as "a part of their sentence". States such as Kansas left such programs to the respective DOC to create and manage thus, as previously argued, Colorado programs are not voluntary in any respect other than some "pr-forma" ability to refuse participation and thus to be sanctioned. The statutory compulsion requires a more careful analysis by the Courts and begin to determine the point at which a state can force offenders to surrender their Constitutional rights, as a prerequisite to treatment, and therefore hopefully eventually released. The casual relationship between the exercise of constitutionally protected rights and a requisite imposition of sanctions for doing so, create a situation of manifest injustice which the Courts are obliged to address and remedy and this case cannot be reviewed by the Lyle standard because of the divergent means used by Kansas and Colorado.

The system applied by Colorado is constitutionally offensive because it abrogates the rights of offenders to remain silent in the rightful exercise against self incrimination. While the States will continue to argue, as they have in the past, that such programs serve a valid purpose of rehabilitation, they cannot be allowed to flourish in an environment which allows the government to run "rough shod" over the Constitutional rights of its citizens simply because an offender wishes to invoke a right guaranteed by the founding document of the nation to which he belongs.

While two governments may be able to offer incentives for cooperation by offenders, it is impermissibly unjust to sanction those who feel they have had a need to preserve Liberty or a right by not doing so. As the Court observed, it is one thing to extend leniency to a defendant who is willing to cooperate with the government, it is quite another thing to administer additional punishment to a defendant who ,by his silence has committed no additional offense. The Plaintiff herein contends that the use of sanctions, applied only to sex offenders who choose to invoke their constitutional inalienable rights, represents a serious BREACH of authority by the SOMB, the Colorado Legislature and CDOC. Such sanctions cannot be viewed as "ordinary incidents of prison life" as argued due to the facts that they do not apply to any group of individuals other than sex offenders. The Plaintiff asks this Court to dissolve the sex offender's management Board by declaring CRS 16-11.7-103 Unconstitutional, ordering an immediate cessation to all treatment programs utilizing standards and guidelines issued by SOMB and that the Court find the Legislative mandate to comply with such treatment as unconstitutional.

## CONCLUSION

The Plaintiff has before this honorable Court three(3) separate Constitutional issues. These have been prepared as a pro se litigant and the Plaintiff respectfully request this Court to appoint counsel to help prepare and present the issues in Court. Plaintiff would also reserve the right for post conviction counsel to add any argument the counsel may wish to include to prefect this motion and

Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

claims.

B.     If this claim was not raised on direct appeal or in one of the state postconviction
       proceedings already described above, explain how you have exhausted state court
       remedies for this claim:
              This petitioner is establishing jurisdiction based on the following facts,
       issues and prior rulings.

              The questions raised above, in the body of this petition, are violations of
       Constitutional rights under both the fourteenth (14) and fifth (5) Amendments
       which can only be addressed by the U.S. District Court. Therefore, based on the
       facts and issues listed below that there are Constitutional issues and questions, with
       regard to 14th, 6th,and 5th Amendments and other Constitutional rights violation.
       Also the Court has set prior precedent with rulings on similar Constitutional
       questions and factors jurisdiction is thus established. Thereby the State Courts have
       no jurisdiction. By prior ruling a staling it is a Federal question, and must be
       decided by Federal Jurisdiction.

## E. PRIOR APPLICATIONS

1.     Other than the instant action, have you filed any
       action in federal court challenging the conviction
       under attack in this action?                          X  Yes  __No  (CHECK ONE)

2.     If you answered "Yes" to question 1., give the following information for each prior
       federal court action challenging the conviction under attack in this action.

       A.     Name and location of court:      U.S District Court  (District of Colorado)

       B.     Case number:                     12-cv-00759-BNB

(Rev. 3/27/08)                     16                        **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

C.  Type of proceeding:          Civil Action

D.  List the claims raised:      Violation of Constitutional Rights Under the
                                 14th, 6th, and 5th Amendments

E.  Date and result (attach a copy   Filed 7/3/12 "ORDER DIRECTING PLAINTIFF TO
    of the decision if available):   FILE AMENDED PLEADING"

3.  If the instant application is a second or successive
    application, have you obtained authorization from
    the United States Court of Appeals for the Tenth
    Circuit for this court to consider the application?      X  Yes  __No  (CHECK ONE)

## F. TIMELINESS OF APPLICATION

If the judgment of conviction under attack in this action became final more than one year ago,
explain why the application is not barred by the one-year limitation period in 28 U.S.C.
§ 2244(d). Attach additional pages, if necessary. N/A

## G. OTHER CONVICTIONS

1.  Do you have any concurrent or future sentence(s) to
    be served after you complete the sentence imposed
    as a result of the conviction under attack?
                                              __Yes  X  No  (CHECK ONE)

2.  If you answered "Yes" to question 1., give the following information for each sentence:

    A.  Name and location of the court:      _____

    B.  Case number:                         _____

    C.  Type and length of sentence:         _____

## H. LEGAL REPRESENTATION

1.  List the names and address, if known, of each attorney who has represented you in

(Rev. 3/27/08)                17                        **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

proceedings regarding the conviction under attack:

| | | |
|---|---|---|
| A. | Preliminary hearing: | Tamra Bowman   (public defender) |
| B. | Arraignment and plea: | Tamra Bowman   (public defender) |
| C. | Trial | n/a |
| D. | Sentencing: | Tamra Bowman   (public defender) |
| E. | Appeal: | n/a |
| F. | Post conviction proceedings: | n/a |
| G. | Appeal from any adverse ruling in postconviction proceedings: | n/a |

## I. REQUEST FOR RELIEF

I request the following relief:

Wherefore the Plaintiff respectfully prays that this honorable Court enter judgment granting plaintiff's request.

A declaration that the Acts and Omissions described herein violate the plaintiff's rights under the Constitution and Laws of the United States.

A preliminary and permanent injunction ordering defendant's to release plaintiff from prison without any parole/or supervision of any kind.

1. Compensatory damages in the amount of $2,737,500.00 against each defendant.

(a). Illegal detainment

2. All medical and mental health records turned over to plaintiff.

3. Any additional relief this honorable Court deems just, proper and equitable.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this

(Rev. 3/27/08)                  18                        **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

Case 1:12-cv-00759-LTB   Document 16   Filed 09/04/12   USDC Colorado   Page 19 of 20

application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on      August 30th,2012
                           (Date)

(Applicant's Original Signature)

Applicant's prisoner identification number and complete mailing address:

Rusty Lee Sarvis 46181
Fremont Correctional Facility  6 upper B-14
P.O. Box 999
Canon City, CO 81215

Respondents' names and complete mailing addresses:

Angel  Medina (Warden)
Fremont Correctional Facility
P.O.Box 999
Canon City, CO 81215

John Suthers (Attorney General)
1525 Sherman St. 7th Fl
Denver , CO 80203

(Rev. 3/27/08)                    19                    **(COPY)**
Original provided to Offender Sarvis #46181 at no charge by  CDOC Legal Services on 8/30/12.

CM/ECF - U.S. District Court:cod

## Orders on Motions
<u>1:12-cv-00759-BNB Sarvis v.</u>
<u>Nan Scranton et al</u>

PS4

### U.S. District Court

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 8/3/2012 at 2:17 PM MDT and filed on 8/3/2012
**Case Name:**      Sarvis v. Nan Scranton et al
**Case Number:**   <u>1:12-cv-00759-BNB</u>
**Filer:**
**Document Number:** <u>14</u>

**Docket Text:**
**MINUTE ORDER by Magistrate Judge Boyd N. Boland on 08/03/12 GRANTING [13] Motion for Extension of Time. Plaintiff shall have up to and including September 4, 2012, in which to comply with the July 3 Order for Amended Pleading. Failure to do so within the time allowed will result in the dismissal of the instant action.(nmmsl, )**

**1:12-cv-00759-BNB Notice has been electronically mailed to:**

**1:12-cv-00759-BNB Notice has been mailed by the filer to:**

Rusty Lee Sarvis
#46181
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=8/3/2012] [FileNumber=3616889-0]
[1de03b0b497697dba5f26b93d5ad9dd93dd3ffa958d66dab483367813d9f8fa861fa
ceb00a22d8b39747e10d49fe0450bc1d3326d15dfbe698b02e0fda218e27]]