IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00759-BNB

RUSTY LEE SARVIS,

  Applicant,

vs.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

  Respondent.
_____

**PRE-ANSWER RESPONSE**
_____

  Respondents, having been served with this Court's order, file this pre-answer response as follows:

## I. CONVICTION UNDER ATTACK

  In Part A of the application, applicant lists his convictions in District Court, El Paso County, cases 95CR1933 and 07CR944 as the convictions under attack. ECF #16, p.2. As explained below in Part II, his sentences in these cases are being served concurrently, and thus are construed to be one continuous sentence. *See* Colo. Rev. Stat. §17-22.5-101. However, applicant's claims relate only to his conviction in 07CR944. Thus although applicant is in custody pursuant to both convictions, respondents construe the application to be attacking only his conviction in 07CR944.

## II.  CASE HISTORY: STATE COURT PROCEEDINGS

In 07CR944, applicant pled guilty to sexual exploitation of a child – sell/publish pursuant to a plea agreement.  On July 16, 2007, the trial court imposed an indeterminate prison sentence of four years to life, to be served concurrently with a two-year determinate sentence in 95CR1933.  Ex.A, p.5; Ex.B, p.2,5-6.

On October 24, 2007, applicant filed a motion for sentence reconsideration, which the court denied on October 30, 2007.  Applicant did not appeal.  Ex.B, p.4-5.

After more than four years of inactivity, applicant filed a motion to correct illegal sentence on March 22, 2012.  Ex.C.  The trial court denied the motion on March 27, 2012.  Ex.D.  Applicant appealed, and his appeal is pending.  Ex.B, p.4.

## III.  FEDERAL HABEAS PROCEEDINGS

On March 26, 2012, filed a "Complaint for Violation of Constitutional Rights Against People of the State of Colorado."  ECF #1.  Pursuant to an order of this Court to cure deficiencies, applicant filed an amended complaint.  ECF #4,7.  After this Court directed applicant to file an amended pleading, ECF #11, he filed an amended application pursuant to 28 U.S.C. §2254 on September 4, 2012, raising three claims: (1) plea counsel provided ineffective

assistance by failing to advise him that he would be required to participate in a sex offender treatment program, in violation of the Sixth Amendment; (2) applicant's sentence is illegal because participation in the sex offender treatment program is mandatory, in violation of the Fourteenth Amendment; and (3) requiring applicant to pass a sexual history polygraph violates the Fifth Amendment.  ECF #16.

On September 5, 2012, this Court ordered respondents to file a pre-answer response addressing the affirmative defenses of timeliness and exhaustion within 21 days of its order.  ECF #18.  That response is due by October 26, 2012.  ECF #22,23.

## IV.  AEDPA STATUTE OF LIMITATIONS

The application appears to be untimely.

A one-year period of limitation applies to an application for a writ of habeas corpus.  §2244(d)(1).  This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  §2244(d)(1)(A).  In Colorado, a defendant has 45 days after sentencing to file a notice of appeal. Colo. App. R. 4(b).

The time during which a "properly filed" application for State postconviction review with respect to the pertinent judgment or claim is

pending shall not be counted toward the one-year period.  *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).  The period of tolling "encompasses all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1322 (10th Cir. 1999).  "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."  *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis retained).

Here, applicant's judgment of conviction became final on August 30, 2007, when the 45-day period expired to appeal his conviction and sentence.

The limitation period ran for 55 days until applicant filed his motion for sentence reconsideration on October 24, 2007.  Tolling continued until December 14, 2007, when the time expired to appeal the trial court's October 30, 2007, order denying the motion.  *See* Colo. App. R. 4(b); *Gibson*, 232 F.3d at 804.

The limitation period ran without interruption until it expired on October 20, 2008 (55 days + 310 days = 365 days).[1]  As such, applicant's 2012

---

[1] The 365th day, October 19, 2008, was a Sunday.  The next business day was October 20, 2008.

4

postconviction proceeding had no effect on the limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

For these reasons, the application appears to be untimely.[2]

## V.  EXHAUSTION OF STATE REMEDIES AND PROCEDURAL DEFAULT

In order to obtain federal habeas review of a claim that he is in state custody in violation of the Constitution, a state prisoner must exhaust the remedies available in state court. § 2254(b), (c); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). In general, the exhaustion doctrine requires a habeas applicant to "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v.*

---

[2] If the application can fairly be read to be attacking the conviction in 95CR1933, the application is likewise untimely. That conviction became final on February 22, 1996, when the time expired to directly appeal the judgment of conviction entered on January 8, 1996. Ex.A, p.6. As such, the limitation period began to run on April 24, 1996, and expired a year later. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (where conviction became final before AEDPA took effect, the one-year limitation period starts on the AEDPA's effective date, April 24, 1996). The revocation of probation and imposition of a prison sentence on July 16, 2007, did not retrigger the limitation period. Ex.A, p.5-6. *See People v. Cummins*, 37 P.3d 507, 509 (Colo. App. 2001) (where defendant's probationary sentence is revoked and defendant is resentenced to prison, "[s]uch a resentencing does not trigger the commencement of a new three-year period for collateral attack").

*Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Fair presentation "require[s] a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 275-276 (1971). To do so, the prisoner must present the substance of the claim to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Demarest*, 130 F.3d at 932. He must set forth in a state-court petition or brief "a factual description supporting the claim," and must indicate the federal law basis for his claim. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004).

Here, applicant raised none of his federal habeas claims in his state 2012 postconviction motion. Rather, he presented only questions of state law. Ex.C. He concedes as much in his application, but incorrectly maintains the state courts had no jurisdiction and only the federal courts can address alleged federal constitutional violations. ECF #16, p.7,11,16.

Because applicant failed to present any of his claims to the state courts, normally they would be unexhausted. *See Boerckel*, 526 U.S. at 845. However, the exhaustion requirement refers only to remedies still available at the time of the federal petition, and is satisfied if the claims would now be procedurally barred under state law. *See, e.g., Gray v. Netherland*, 518 U.S.

6

152, 161 (1996).  So although the claims are technically exhausted, the state procedural bar that gives rise to technical exhaustion provides an independent and adequate state-law ground for denying the claim, and thus prevents federal habeas corpus review of the defaulted claim.  *Gray*, 518 U.S. at 162; *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40, n.7 (10th Cir. 2007) (applying anticipatory procedural bar).

Here, any attempt to present these claims in state court would be rejected as time barred.  *See* Colo. Rev. Stat. §16-5-402(1) (three-year limitation period applies to collateral attack on non-class 1 felonies).  Colorado's statute of limitation is an adequate ground for denying a claim.  *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995).

For these reasons, applicant's claims are procedurally defaulted.

## VI.  EXHIBITS

Respondents designate the following documents as exhibits to the pre-answer response:

> Exhibit A:  ColoStateCourts-DataAccess database for 95CR1933
>
> Exhibit B:  ColoStateCourts-DataAccess database for 07CR944
>
> Exhibit C:  Motion in 07CR944
>
> Exhibit D:  Order denying motion in 07CR944

## VII.  CONCLUSION

For the reasons and authorities stated above, respondents intend to assert the affirmative defenses of untimeliness and procedural default.

JOHN W. SUTHERS
Attorney General

s/ John J. Fuerst III
JOHN J. FUERST III, 16862*
Senior Assistant Attorney General
Appellate Division
Criminal Justice Section
1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  (303) 866-5785
FAX:  (303) 866-3955
E-mail:  john.fuerst@state.co.us
Attorneys for Respondent
*Counsel of Record

AG ALPHA:     DAXX QLVC
AG File:          P:\FILES\FUERST_JOHN\HABEAS\SARVIS\SARVIS_PAR.DOC

## CERTIFICATE OF SERVICE

I certify that on this <u>16th</u> day of <u>October</u> 2012, I electronically filed the foregoing, including Exhibits A-D, with the Clerk of the Court using the CM/ECF system, and further certify that I have served the foregoing upon the Applicant herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this <u>16th</u> day of <u>October</u> 2012, addressed as follows:

Rusty Sarvis, #46181
Fremont Corr Facility
PO Box 999
Canon City, CO  81215

<u>s/ John J. Fuerst III</u>