ORIGINAL



| District Court El Paso County, Colorado<br>Court Address:<br>270 South Tejon Street<br>Colorado Springs, CO 80903 | FILED IN THE DISTRICT AND COUNTY COURT EL PASO COUNTY CO. |
|---|---|
| People of the State of Colorado<br><br>v.<br><br>Rusty Lee Sarvis | MAR 2 2 2012<br><br>LYNETTE D. COLLINS<br>CLERK OF COURT |
| | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address)<br>Rusty Lee Sarvis, 46181 Pro Se<br>FCF/6Upper<br>P.O.Box 999<br>Canon City, CO 81215<br>Phone Number: | Case Number:<br>07CR944<br><br>Division 8   Courtroom |

## MOTION TO CORRECT AN ILLEGAL SENTENCE
## PURSUANT TO C. R. CRIM. P. 35 (a)

COMES NOW, the Defendant Rusty Lee Sarvis pro se, and hereby files this motion, pursuant to rule 35(A) of the Colorado Rules of Criminal procedure, and in support there of states of follow:

Defendant was sentenced on July 16th, 2007, to a term of 4yrs. to life in the Department of Corrections for the offense of C.R.S.#18-6-403(3)(b), a class F3 felony;

This Court retains jurisdiction over the defendant and the subject matter pursuant to C.R. Crim. P. 35(a);

For a class **F3** felony, C.R.S. 18-1.3-401(1)(a)(5)(A) describes a presumptive range of 10 to life;

The mittimus contains no special finding of aggravation or extraordinary circumstances; This court found no extraordinary aggravating circumstances in accord with C.R.S. 18-1.3-401 (8) or C.R.S. 18-1.3-406 and the record supports no such circumstances.

### JURISDICTION

An illegal sentence, and unconstitutional sentence, is reviewable at anytime. Constitutional issues are reviewed and administered by the court Crim. p. 35(A) authorizes a trial court to correct an illegal sentence at anytime.
**DOWNING v. PEOPLE.** 895 P.26 1046( Colo. 1995); see also,
**PEOPLE v. ANTONIO ANTIMO.** 29 P.3d 298 (Colo 2000).

It is of course well-settled that illegal sentence may be corrected at anytime under crim.p.35(A), and where a trial court has jurisdiction of the person, of a defendant and of the subject matter, and the sentence imposed is in error, the court retains jurisdiction to later impose a legal sentence, e.g. **ANTONIO ANTIMO.** 29 p.3d at 305 (citing inter alia, **DOWNING.** 895 p.2d at 1050; **SMITH V. JOHNS.** 187 187 Colo 388, 390, 532 p.2d 49, 50 (1975)...

### REQUEST FOR APPOINT OF COUNSEL

Mr. Sarvis respectfully requests this honorable court to appoint legal, competent, conflict-free counsel,

ORIGINAL

pursuant to .21-1-103 and S.21-1-104 C.R.S. See Also, **PEOPLE v. DUBAN.** 757 p.2d 1095 (Colo.1988);and **DERMEREST v. PRICE.** 130 f.3d 922,939 (10th cir. 1977) and set this cause for a hearing on the merits where in all issues will be addressed.

Furthermore, appointed counsel should be allowed to amend the motion at his/her discretion after review of the record and relevant laws. **PEOPLE v. NARANJO.** 738, Colo. p.2d 407 (Colo App. 1987); and **CRUZ v. PEOPLE.** 157 Colo. 497,405,p.2d 213-215 (1965).

## REQUEST FOR EVIDENTIARY HEARING

Pursuant to 35(A) a "Prompt Hearing" must be set "unless the motion, the, and the record of the case clearly establish that the allegations are without merit and do not warrant relief." **WHITE V. DISTRICT COURT.** 766 p. 2d 634 (Colo. 1988). And because the instant motion raises a claim of illegal sentencing. A hearing must be heard for the factual development of these claims. **MASSARO V. U.S.** 123 Supreme Court. 1690(2003); accord **PEOPLE V. THOMAS.** 867 p.2d 880,886-887(Colo.1994).

## SUMMARY OF THE ISSUES PRESENTED

I) Defendant is being held illegally in the Department of Corrections (DOC). The district attorney "Nan Scranton" did not sign for the authorization of the defendant affidavit or the application of the search warrant pursuant to the legislative intent of the wire-tap application and Colorado Criminal practice and procedure vol.14-14 sec.11..

## HISTORY OF THE CASE

The defendant was convicted of 18-6-403(3)(b) Sexual Exploitation /Child-Sell/Publish on 04-05-07 for one crime committed on 10-01-06. The conviction was by way of a guilty plea on July 16th 2007, the defendant was sentenced to a term of 4 years to life.

## ARGUMENT

I) Defendant is being held illegally in the Department of Corrections. At he district attorney "Nan Scranton"; did not sign for the authorization of the defendant affidavit or the application of the search warrant pursuant to the legislative intent of wire-tap application and Colorado Criminal practice and procedure.

The defendant argues that the charges and jurisdiction, sentence imposed against him is illegal and is in vain and should be released without any parole supervision.
The defendant has acquired sufficient time for this illegal sentence, and therefore should be fully compensated for time served in accordance with section 16-15-102 C.R.S. And Vol.14 of the Colorado Criminal practice and procedure. The Colorado Springs police department is in violation of the legislative intent of the wire-tap application and the affidavit, search warrant according to the statute of 2006.

### Analysis and Argument I

Analysis of the Intent

The goal of any interpretation of the wire-tap application and the legislative intent. See **PEOPLE V. BANKS.** 9 p.3d 1125,1127(Colo.2000); See also **SHUBERT V. PEOPLE.** 695 P.2d 788,793(Colo. 1985).

The General Assembly's intent is to be discerned when possible from the plain and ordinary meaning of the statutory language **PEOPLE V. DAVIS.** 794 p.2d 159,180 (Colo. 1970); Interpreting a statute; A court endeavors to give effect to me intent 01 me legislature, in construing a statute, we must ascertan and effectuate the legislative intent **PEOPLE V. LONGORIA.**862 p.2d 266,270 (Colo.1993).

In 2007 when the defendant was accused and arrested for 18-6-403(3)(B) Sexual Exploitation/Child-Sell/Published. He was falsely arrested for that crime. The Colorado Springs police department did not have jurisdiction over him, the information is tainted. The warrants and affidavit are invalid according to **PEOPLE V. MILENES**: 527 p.2d 1163, see foot notes.

**(1)** "This is not the fault of the Colorado General Assembly as our ac is patterned after the federal law Title III, Omnibus Crime Control and Safe Streets of 1968, U.S.C. Sect. 25140-etseq". See also **PEOPLE V. O'HARA.** 240 p.3d 283 (May 2010). See also **PEOPLE V. O'HARA.** # 10 supreme court 386 (Nov. 2010) writ of Certiorari Granted, ENBANC. Whether the Court of Appeals erroneously held that the elected district attorney need not personally apply for a wire-tap, but need only give actual authorization contrary to the requirements of both state and federal statutes, and of this court in **PEOPLE V. MILENES,** 186 Colo. 409,416,527 p.2d 1163,1167 (Colo. 1974).

Whether the Court of Appeals erred in reversing the opion below or rehearing based on an argument which was never raised, either at the trial court ever, or on appeal before the petition for rehearing, and based on extra record factual representation by the attorney general. **DENIED AS TO ALL OTHER ISSUES**

### PRIOR HISTORY

Court of Appeals case no. 07-CA 2311
**PEOPLE V. O'HARA.** 2010 Colo App. Lexis 722 (Colo Court of Appeals May 13 2010)

In the unexpected event that this honorable court declines to issue the request for relief, the defendant request a hearing and a counsel appointment. Finally in the unfortunate that this motion is ultimately denied, the defendant request for leave to proceed in forma pauperis and counsel appointment on appeal, which is required should the defendant be relegated to file notice of appeal pursuant to C.A.R.(4) and for transcripts of any other proceedings in forma pauperis as he meets all the requirements the defendant is indigent, **NIKANDER V. DISTRICT COURT.** 157 p. 2d 1260 (Colo. 1986) can demonstrate that providing of the transcripts will not be in vain and useless gesture, **CARR V. DISTRICT COURT.** 157 Colo 226,402 p.2d 182,183, (1965) and the alleged specific deficiencies in the proceedings leading up to the challenged judgment that appears in the transcripts. ID.. findings of facts and conclusions of law i.e. Requested as to all issues raised.

Respectfully Submitted

Rusty L. Sarvis

ORIGINAL

## CONCLUSION

WHEREFORE, the defendant prays that this honorable Court grants relief to which petitioner may be entitled in this proceeding. This petition has been prepared as pros litigation and presents the issues in court. Defendant would also reserve the right for post conviction counsel to add any arguments that counsel may wish to include perfecting this motion and claims.

Respectfully submitted this 15th day of MARCH, 2012.

[Rusty Lee Sarvis]
[46181]
[FCF P.O. Box 999]
[Canon City, CO 81215]

ORIGINAL

## CERTIFICATE OF MAILING

I certify that on this 15th day of March, 2012, that a true and correct copy of the above and foregoing MOTION TO CORRECT ILLEGAL SENTENCE was deposited in the U.S. Mail, postage pre-paid and addressed to the following:

District Court of El Paso County
270 South Tejon Street
Colorado Springs, CO 80901


El Pass County District Attorney
105 East Vermijo Street
Colorado Springs, CO 80901




Rusty L. Sarvis