IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00759-BNB

RUSTY LEE SARVIS,

    Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Rusty Lee Sarvis, is a state prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Applicant, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in El Paso County District Court Case Nos. 07CR944 and 95CR1933.

    On September 5, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response on October 16, 2012, and Applicant submitted a Reply on November 13, 2012.

    The Court must construe liberally the Application and the Reply because

Applicant is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the pro se litigant." See Hall, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

Although Applicant has identified Colorado Criminal Case Nos. 07CR944 and 95CR1933 as the criminal proceedings that he is challenging in this action, he specifically notes the judgment of conviction as April 5, 2007, and specifies in the three claims that he raises that he is challenging the plea he entered into on April 5, 2007. The Court, therefore, finds that Applicant is challenging the proceedings in Case No. 07CR944,

Applicant pled guilty to sexual exploitation of a child/sell/publish and was sentenced on July 16, 2007, to four years to life to be served concurrently with his two-year indeterminate sentence in Case No. 95CR1933. See Pre-Answer Resp., ECF No. 24-2 at 6. He did not file an direct appeal, but he did file a motion for reconsideration of his sentence on October 24, 2007. Id. at 5. He did not appeal the denial of the motion for reconsideration.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicant's conviction became final on August 30, 2007, when the time ran for appealing the sentence entered on July 16, 2007.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced.  Accordingly, for purposes of § 2244(d), time began to run on August 31, 2007, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  Applicant filed a motion for reconsideration of sentence on October 4, 2007.  Pre-Answer Resp., ECF No. 24-2, at 5.  The trial court denied the

motion on October 30, 2007. *Id.* Applicant did not appeal, but tolling for purposes of § 2244(d) continued until December 14, 2007, when the time expired to appeal the order denying the motion for reconsideration. *See* Colo. App. R. 4(b). Applicant did not file another postconviction motion until March 22, 2012.

The time for purposes of § 2244(d) was not tolled from August 31, 2007, the day after his conviction and sentence were final, until October 23, 2007, the day prior to when he filed his motion for reconsideration of sentence, which is a total of fifty-four days. In addition, the time from December 15, 2007, the day after his motion for reconsideration was final until March 21, 2012, the day prior to when Applicant filed his second postconviction motion time, was not tolled. Therefore, the one-year time limitation expired at least three years prior to the time Applicant filed the second motion for reconsideration. Accordingly, unless equitable tolling applies, the Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is

appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "A sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

In the Reply, Applicant asserts that the public defender did not advise him that he could appeal the denial of the first motion for reconsideration of sentence and that he also could appeal his case pursuant to Colo. R. Crim. P. 35(c). Applicant also asserts in the Reply that the state court lacks jurisdiction to address his claims because he is asserting violations of his constitutional rights under the Fourteenth and Fifth Amendments.

First, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). Therefore, Applicant's lack of knowledge of his ability to appeal a motion for reconsideration or to file a Rule 35(c) postconviction motion does not indicate he pursued his claims diligently or that some extraordinary circumstance stood in his way preventing him from filing a timely § 2254 action.

Furthermore, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted

state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Applicant's jurisdiction claim, therefore, lacks merit and does not provide a basis for equitable tolling. Because equitable tolling does not apply, the Application is time-barred under 28 U.S.C. § 2244(d).

The action clearly is time-barred, and the Court need not address Respondents' argument that Applicant's claims are procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  23rd  day of    January         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court